UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DARRELL PATRICK HINZ,

Defendant.

No. 2:12-cr-00294-TLN

**ORDER**

This matter is before the Court on Defendant Darrell Patrick Hinz's ("Defendant") Emergency Motion for Compassionate Early Release or to Reduce Sentence. (ECF No. 243.) The Government filed an opposition. (ECF No. 244.) Defendant filed a reply. (ECF No. 246.) For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

///

///

## I. Factual and Procedural Background

On November 20, 2015, Defendant pleaded guilty to conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 (Count 1), conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) (Count 7), and making and subscribing to a false tax return in violation of 26 U.S.C. § 7206(1) (Count 32). (ECF No. 151.) On June 16, 2016, the Court sentenced Defendant to a 97-month term of imprisonment on each of Counts 1 and 7, a 36-month term of imprisonment on Count 32 to be served concurrently, and a 24-month term of supervised release. (ECF No. 188.) Defendant was serving his sentence at FCI Taft, but due to its recent closure was transferred to FCI Mendota on April 17, 2020. Defendant's projected release date is in July 2023.

On April 4, 2020, Defendant submitted a request for compassionate release to the warden of Taft. (ECF No. 243-1.) On April 6, 2020, the Executive Assistant/Grievance Coordinator at Taft responded that due to the number of requests and a lack of guidance from the Bureau of Prisons ("BOP"), no individual responses to the requests would be provided. (ECF No. 243-2 at 2.) On April 21, 2020, Defendant filed the instant motion for immediate release to home detention. (ECF No. 243.) Defendant argues he is at a greater risk of contracting COVID-19 because he is 55 years old and suffers from hypertension. (*Id.* at 2.) In opposition, the Government argues this Court does not have jurisdiction to designate the place of Defendant's imprisonment under 18 U.S.C. § 3621 and cannot rule on Defendant's 18 U.S.C. § 3582(c) motion until 30 days after Defendant submitted his request to the BOP at Taft. (ECF No. 244 at 8–9, 10–11.) The Government further argues Defendant failed to demonstrate extraordinary and compelling reasons to warrant his release. (*Id.* at 12–15.)

## II. Analysis

### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, the parties do not dispute Defendant filed a compassionate release request at Taft as required by 18 U.S.C. § 3582(c)(1)(A) on April 4, 2020. Defendant seems to believe the Government's position is that Defendant needed to file a new request once he arrived at FCI Mendota, and he spends much of his reply challenging that position. (*See* ECF No. 246 at 4.) However, the Government did not make such an argument. To the contrary, the Government agrees the 30-day period began when Defendant submitted his request at Taft and cites at least two other district courts that reached similar conclusions. (ECF No. 244 at 12) ("[T]he government requests . . . the Court dismiss the motion for lack of jurisdiction until 30 days have passed from the time Hinz submitted his request at Taft.") The Government merely argued that 30 days from April 4, 2020 had not passed when Defendant filed the instant motion on April 21, 2020. As of the date of this Order, 30 days have passed since Defendant filed his request. Therefore, Defendant has now met the exhaustion requirement.

B. Extraordinary and Compelling Reasons

Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "that substantially diminishes

the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Under normal circumstances, the Defendant's medical condition would not satisfy the "extraordinary and compelling" standard. The only evidence Defendant provides to verify his hypertension is a prescription for Lisinopril. (ECF No. 243-5.) Neither the presentencing report nor Defendant's limited BOP medical records — filed under seal by the Government — indicate that Defendant has been diagnosed with hypertension.[1] There is no indication his hypertension is terminal, nor that it causes serious functional or cognitive impairment such that he is unable to provide self-care while imprisoned. Further, Defendant's age, 55, does not place him in a higher at-risk group. As of the date of this Order, there are no confirmed cases of COVID-19 at FCI Mendota.

As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]"). Defendant's concerns are understandable but do not raise to the level of "extraordinary and compelling" at this time.

In sum, the Court DENIES Defendant's request for compassionate release because he did not meet his burden to show there are "extraordinary and compelling reasons" for his release.[2]

///

///

///

///

///

---

[1] Defendant's BOP medical records do indicate Defendant is prescribed Lisinopril 5mg, but those records do not indicate that the prescription is for diagnosed hypertension.

[2] To the extent Defendant alternatively asks the Court to change his custody status to home confinement, 18 U.S.C. § 3621(b) precludes the Court from doing so. *See* 18 U.S.C. § 3621(b) (precluding judicial review of BOP placement decisions).

## III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Emergency Motion for Early Release. (ECF No. 243.)

IT IS SO ORDERED.

DATED: May 8, 2020

Troy L. Nunley
United States District Judge