1  McGREGOR W. SCOTT
   United States Attorney
2  KURT A. DIDIER
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5
   Attorneys for the United States of America
6

7

8            IN THE UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, | CASE NO.: 2:12-CR-00294-TLN-3 |
   |---|---|
12 | Plaintiff, | |
13 | v. | **STIPULATION FOR FINAL ORDER OF CONTINUING WAGE GARNISHMENT; AND ORDER** |
14 | DARRELL P. HINZ, | |
15 | Defendant, | |
16 | | |
17 | DE NOVA TECHNOLOGY, INC., (and its Successors and Assignees), | |
18 | Garnishee. | |

19

20     The United States and defendant, Darrell P. Hinz (the Parties), have reached an agreement

21 concerning the continuing garnishment of Darrell P. Hinz's (Hinz) wages to satisfy, in part, his unpaid

22 criminal judgment. The Parties' Stipulation for Final Order of Wage Garnishment (the Stipulation)

23 memorializes their agreement and is based on the following grounds:

24     l.     The Court sentenced Hinz on June 16, 2016 in the case referenced above. ECF No. 188.

25 It ordered Hinz to pay a $300 special assessment, $18,830,000 in restitution, and waived a fine. *Id*. The

26 Court signed the Judgment and Commitment incorporating these criminal monetary penalties on June

27 21, 2016. ECF No. 190. The Judgment waives interest on the restitution amount, but requires Hinz to

28

begin making his payments immediately to the Clerk of Court. *Id*., at 5 - 6. Hinz's approximate restitution balance as of September 15, 2020, is $15,062,625.58 (the Restitution Balance).

2. Hinz is an employee of garnishee, De Nova Technology, Inc. (De Nova Technology), located at 2929 Grandview Street, Placerville, California 95667-4635. As garnishee, De Nova Technology has in its possession, custody or control, earnings, wages, commissions, bonuses, and compensation (Wages) it pays to Hinz.

3. The United States is statutorily authorized to collect the Restitution Balance using civil enforcement remedies available under Federal and State law. 18 U.S.C. §§ 3613(a) and (f). The Federal Debt Collection Procedures Act is the federal statutory scheme by which the United States enforces pre- and post-judgment debts. 28 U.S.C. §§ 3001 – 3308 (the FDCPA).

4. The FDCPA authorizes the use of wage garnishments to recover debts owed to the United States. 28 U.S.C. § 3205(a) ("including nonexempt disposable earnings"). The Parties agree that the amount of Wages subject to garnishment is limited to twenty-five per cent (25%) of Hinz's disposable Wages. 15 U.S.C. § 1673(a)(1), *see also* 28 U.S.C. § 3003(c)(4) (the FDCPA does not "modify the operation of (15 U.S.C. § 1673)").

5. Hinz acknowledges and understands that the FDCPA affords him, as a debtor, certain rights in a garnishment proceeding. He waives these rights, including, service of the writ of garnishment pursuant to 28 U.S.C. § 3205(c)(3), notice of, and the right to claim exemptions, to request a hearing as provided in 28 U.S.C. §§ 3202 and 3205(c)(5), and to any other process to which he may be entitled under the FDCPA.

6. In order to make regular payments on the Restitution Balance, Hinz agrees to the garnishment of his Wages that are now, and in the future will be owed to him from his employment at De Nova Technology. Specifically, the Parties agree that beginning on October 15, 2020, and continuing thereafter, De Nova Technology shall garnish from each of Hinz's paychecks 25% of his nonexempt disposable Wages and promptly pay this amount to the Clerk of the Court.

7. De Nova Technology will make its payments to the Clerk of the Court as set forth in the order accompanying this Stipulation. It will continue making its Wage garnishment payments until the

STIPULATION RE
CONTINUING WAGE GARNISHMENT                2

earlier of Hinz's full payment of the Restitution Balance, termination of his employment at De Nova Technology, or further court order.

8. The Stipulation does not foreclose the United States from pursuing separate efforts to collect the Restitution Balance.

9. Hinz warrants that he has had the opportunity to consult with counsel regarding this Stipulation.

FOR THE UNITED STATES:

Dated: October 5, 2020				McGREGOR W. SCOTT
						United States Attorney

					By:	*/s/ Kurt A. Didier*
						KURT A. DIDIER
						Assistant United States Attorney

FOR THE DEFENDANT:

Dated: October 28, 2020

						*/s/ Darrell P. Hinz*
						DARRELL P. HINZ

STIPULATION RE
CONTINUING WAGE GARNISHMENT            3

**O R D E R**

The Court, having reviewed the court files and the Parties' Stipulation for Final Order of Wage Garnishment (the Stipulation), and good cause appearing therefrom, hereby APPROVES the Stipulation. Accordingly, the Court ORDERS as follows:

1. The non-exempt disposable earnings, wages, commissions, bonuses, and compensation (Wages) garnishee De Nova Technology, Inc. (De Nova Technology) pays defendant Darrell P. Hinz (Hinz) are GARNISHED.

2. Beginning on October 15, 2020, and continuing thereafter, De Nova Technology shall GARNISH from each of Hinz's paychecks 25% of his nonexempt disposable Wages and promptly PAY this amount to the Clerk of the Court.

3. De Nova Technology shall CONTINUE making its Wage garnishment payments until the earlier of Hinz's full payment of his restitution balance, termination of his employment at De Nova Technology, or further order of this Court.

4. De Nova Technology shall MAKE its garnishment payments payable to the **Clerk of the Court** and DELIVER the payments to the Clerk of the Court, United States District Court, 501 I Street, Suite 4-200, Sacramento, CA 95814.  De Nova Technology shall state the docket number on the payment instrument (U.S. v. Hinz, Case No. 2:12-CR-00294-TLN-3) and, if it desires a payment receipt, shall include a self-addressed envelope with its payment.

5. De Nova Technology shall NOTIFY Laura Leone of the United States Attorney's Office, Eastern District of California, Financial Litigation Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814 (laura.leone@usdoj.gov) if the amount of Hinz's Wages changes or his employment ceases.  De Nova Technology shall make its notification to the United States within 30 days of such a change.

6. This Order does NOT foreclose the United States from pursuing separate efforts to collect the restitution balance from Hinz.

///
///
///
///

7. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

IT IS SO ORDERED.

Dated:  November 2, 2020

Troy L. Nunley
United States District Judge