1  PHILLIP A. TALBERT
   Acting United States Attorney
2  KURT A. DIDIER
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2700

5  Attorneys for the United States of America

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10

11 UNITED STATES OF AMERICA,                    CASE NO.: 2:12-CR-00294-TLN-3

                Plaintiff,
12
                                                **STIPULATION FOR FINAL ORDER OF
           v.                                   CONTINUING WAGE GARNISHMENT;
13                                              AND ORDER**

14 DARRELL P. HINZ,

                Defendant,
15

16 CAL-SUN CONSTRUCTION, LLC,
   (and its Successors and Assignees),
17
                Garnishee.
18

19

20        The United States and defendant, Darrell P. Hinz (Hinz), have reached an agreement concerning

21 the continuing garnishment of Hinz's wages to satisfy, in part, his unpaid criminal judgment. This

22 Stipulation for Final Order of Wage Garnishment (the Stipulation) memorializes the parties' agreement

23 and is based on the following grounds:

24        l.     The Court sentenced Hinz on June 16, 2016 in the case referenced above. ECF No. 188.

25 It ordered him to pay a $300 special assessment, $18,830,000 in restitution, but waived a fine. *Id*. The

26 Court signed the Judgment and Commitment incorporating these criminal monetary penalties on June

27 21, 2016. ECF No. 190. The Judgment waives interest on the restitution amount but requires Hinz to

28

1  begin making his payments immediately to the Clerk of Court. *Id*., at 5 - 6. Hinz's approximate

2  restitution balance as of May 11, 2021 is $6,980,698 (the Restitution Balance).

3      2.      Hinz is an employee of garnishee, Cal-Sun Construction, LLC (Cal-Sun), located at 694

4  Pleasant Valley Road, Suite 8, Diamond Springs, California 95619. As garnishee, Cal-Sun has in its

5  possession, custody or control, earnings, wages, commissions, bonuses, and compensation (Wages) it

6  pays to Hinz.

7      3.      The United States is statutorily authorized to collect the Restitution Balance using civil

8  enforcement remedies available under Federal and State law. 18 U.S.C. §§ 3613(a) and (f). The Federal

9  Debt Collection Procedures Act is the primary federal statutory scheme by which the United States

10  enforces pre- and post-judgment debts. 28 U.S.C. §§ 3001 – 3308 (the FDCPA).

11      4.      The FDCPA authorizes the use of wage garnishments to recover debts owed to the United

12  States. 28 U.S.C. § 3205(a) ("including nonexempt disposable earnings"). The Parties agree that the

13  amount of Wages subject to garnishment is limited to twenty-five per cent (25%) of Hinz's disposable

14  Wages. 15 U.S.C. § 1673(a)(1), *see also* 28 U.S.C. § 3003(c)(4) (the FDCPA does not "modify the

15  operation of (15 U.S.C. § 1673)").

16      5.      Hinz acknowledges and understands that the FDCPA affords him, as a debtor, certain

17  rights in a garnishment proceeding. He waives these rights, including, service of the writ of garnishment

18  pursuant to 28 U.S.C. § 3205(c)(3), notice of, and the right to claim exemptions, to request a hearing as

19  provided in 28 U.S.C. §§ 3202 and 3205(c)(5), and to any other process to which he may be entitled

20  under the FDCPA.

21      6.      To make regular payments on the Restitution Balance, Hinz agrees to the garnishment of

22  his Wages that are now, and in the future will be owed to him from his employment at Cal-Sun.

23  Specifically, the Parties agree that beginning on May 14, 2021, and continuing thereafter, Cal-Sun shall

24  garnish from each of Hinz's paychecks 25% of his nonexempt disposable Wages and promptly pay this

25  amount to the Clerk of the Court.

26      7.      Cal-Sun will make its payments to the Clerk of the Court as set forth in the order

27  accompanying this Stipulation. It will continue making its Wage garnishment payments until the earlier

28

1  of Hinz's full payment of the Restitution Balance, termination of his employment at Cal-Sun, or further

2  court order.

3        8.        The Stipulation does not foreclose the United States from pursuing separate efforts to

4  collect the Restitution Balance.

5        9.        Hinz warrants that he has had the opportunity to consult with counsel regarding this

6  Stipulation.

7  FOR THE UNITED STATES:

8

9  Dated: May 12, 2021                              PHILLIP A. TALBERT
                                                    Acting United States Attorney
10

11                                          By:     */s/ Kurt A. Didier*
                                                    KURT A. DIDIER
12                                                  Assistant United States Attorney

13  FOR THE DEFENDANT:

14

15  Dated: May 12, 2021

16                                                  */s/ Darrell P. Hinz (by KAD with permission)*
                                                    DARRELL P. HINZ

17

18

19

20

21

22

23

24

25

26

27

28

**O R D E R**

The Court, having reviewed the court files and the Parties' Stipulation for Final Order of Wage Garnishment (the Stipulation), and good cause appearing therefrom, hereby APPROVES the Stipulation. Accordingly, the Court ORDERS as follows:

1.      The non-exempt disposable earnings, wages, commissions, bonuses, and compensation (Wages) garnishee Cal-Sun Construction, LLC (Cal-Sun) pays defendant Darrell P. Hinz (Hinz) are garnished.

2.      Beginning on May 14, 2021, and continuing thereafter, Cal-Sun shall garnish from each of Hinz's paychecks 25% of his nonexempt disposable Wages and promptly pay this amount to the Clerk of the Court.

3.      Cal-Sun shall continue making its Wage garnishment payments until the earlier of Hinz's full payment of his restitution balance, termination of his employment at Cal-Sun, or further order of this Court.

4.      Cal-Sun shall make its garnishment payments payable to the **Clerk of the Court** and deliver the payments to the Clerk of the Court, United States District Court, 501 I Street, Suite 4-200, Sacramento, CA 95814. Cal-Sun shall state the docket number on the payment instrument (U.S. v. Hinz, Case No. 2:12-CR-00294-TLN-3) and, if it desires a payment receipt, shall include a self-addressed envelope with its payment.

5.      Cal-Sun shall notify Laura Leone of the United States Attorney's Office, Eastern District of California, Financial Litigation Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814 (laura.leone@usdoj.gov) if the amount of Hinz's Wages changes or his employment ceases. Cal-Sun shall make its notification to the United States within 30 days of such a change.

6.      This Order does not foreclose the United States from pursuing separate efforts to collect the restitution balance from Hinz.

///

///

///

///

ORDER

1

1    7.    The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the

2    case, if necessary.

3        IT IS SO ORDERED.

4

5    Dated:  May 17, 2021

6                                                         Troy L. Nunley
                                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER