ERIC GRANT
United States Attorney
LYNN TRINKA ERNCE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL P. HINZ,<br><br>Debtor.<br><br>QUARTZ ENGINEERING & DEVELOPMENT,<br><br>Garnishee. | Case No.: 2:12-CR-00294-TLN-3<br><br>**STIPULATION FOR FINAL ORDER OF CONTINUING WAGE GARNISHMENT; AND ORDER** |

The United States and defendant, Darrell P. Hinz (Hinz), have reached an agreement concerning the continuing garnishment of Hinz's wages to satisfy, in part, his unpaid criminal judgment. This Stipulation for Final Order of Continuing Wage Garnishment (the Stipulation) memorializes the parties' agreement and is based on the following grounds:

1.    The Court sentenced Hinz on June 16, 2016, and ordered him to pay a $300 special assessment, $18,830,000 in restitution, but waived a fine. ECF 188. The Court signed the Judgment and Commitment incorporating these criminal monetary penalties on June 21, 2016. ECF 190. The Judgment waives interest on the restitution amount and required Hinz to begin making his payments immediately to the Clerk of Court. *Id.* at 5-6.

STIPULATION FOR FINAL ORDER OF CONTINUING
WRIT OF GARNISHMENT; ORDER

1

2.      Hinz's approximate outstanding restitution balance as of April 28, 2026, is $6,135,510.23 (Restitution Balance).

3.      Hinz has notified the United States that, as of May 1, 2026, he will be an employee of Quartz Engineering & Development, located at 20784 Chaparral Circle, Penn Valley, CA 95946.  Hinz is no longer employed by D&D Solar Brokers LLC, which was the garnishee under a prior wage garnishment stipulation and order.  ECF 262.

4.      As of May 1, 2026, Quartz Engineering & Development will have in its possession, custody or control, earnings, wages, commissions, bonuses, and compensation it pays to Hinz.

5.      The United States is statutorily authorized to collect the Restitution Balance using civil enforcement remedies available under Federal and State law. 18 U.S.C. §§ 3613(a) and (f).  The Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308 (FDCPA), is the primary federal statutory scheme by which the United States enforces pre-judgment and post-judgment debts.

6.      The FDCPA authorizes the use of wage garnishments to recover debts owed to the United States.  28 U.S.C. § 3205(a).  Hinz acknowledges and understands that the FDCPA affords him, as a debtor, certain rights in a garnishment proceeding. He waives these rights, including, service of the writ of garnishment pursuant to 28 U.S.C. § 3205(c)(3), notice of, and the right to claim exemptions, to request a hearing as provided in 28 U.S.C. §§ 3202 and 3205(c)(5), and to any other process to which he may be entitled under the FDCPA.

7.      To make regular payments on the Restitution Balance, Hinz agrees to the garnishment of his wages that now, and in the future, will be owed to him from his employment at Quartz Engineering & Development. Specifically, the Parties agree that, beginning on May 1, 2026, and continuing thereafter, Quartz Engineering & Development shall garnish from each of Hinz's paychecks 25% of his ongoing and non-exempt disposable earnings, including but not limited to wages, earnings, commissions, and bonuses.

8.      Quartz Engineering & Development will make its payments to the Clerk of the Court as set forth in the order below. It will continue making its wage garnishment payments until the earlier of Hinz's full payment of the Restitution Balance, termination of his employment at Quartz Engineering & Development, or further court order.

9.    The Stipulation does not foreclose the United States from pursuing separate efforts to collect the Restitution Balance.

10.    Hinz warrants that he has had the opportunity to consult with counsel regarding this Stipulation.

Respectfully submitted,

Dated:  April 30, 2026

ERIC GRANT
United States Attorney

By:  /s/Lynn Trinka Ernce
LYNN TRINKA ERNCE
Assistant United States Attorney

Dated:  April 28, 2026

By:  /s/Darrell P. Hinz
DARRELL P. HINZ
Defendant

## ORDER

The Court, having reviewed the court files and the Parties' Stipulation for Final Order of Wage Garnishment (the Stipulation), and good cause appearing therefrom, hereby APPROVES the Stipulation. Accordingly, the Court ORDERS as follows:

1.    Quartz Engineering & Development is directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Darrell P. Hinz's ongoing and non-exempt disposable earnings, including but not limited to wages, earnings, commissions, and bonuses.

2.    Beginning on May 1, 2026 and continuing thereafter, Quartz Engineering & Development shall garnish from each of Hinz's paychecks 25% of his nonexempt disposable earnings and pay this amount to the Clerk of the Court.

3.    Payment shall be made in the form of a cashier's check, money order, or company draft, made payable to the **Clerk of the Court** and delivered to:

Office of the Clerk
United States District Court
501 I Street, Suite 4-200
Sacramento, CA 95814

///

STIPULATION FOR FINAL ORDER OF CONTINUING
WRIT OF GARNISHMENT; ORDER

3

Quartz Engineering & Development shall state the criminal docket number on the payment instrument (2:12-CR-00294-TLN-3) and, if it desires a payment receipt, shall include a self-addressed envelope with its payment.

4.      Quartz Engineering & Development shall continue making its wage garnishment payments until the earlier of Hinz's full payment of his restitution balance, termination of his employment, or further order of this Court.

5.      Within 30 days of any change to Hinz's wage amount or termination of his employment, Quartz Engineering & Development shall notify the United States Attorney's Office, Eastern District of California, Financial Litigation Program, 501 I Street, Suite 10-100, Sacramento, CA 95814.

6.      This Order does not foreclose the United States from pursuing separate efforts to collect the restitution balance from Hinz.

7.      The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

**IT IS SO ORDERED.**

DATED: May 4, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATION FOR FINAL ORDER OF CONTINUING
WRIT OF GARNISHMENT; ORDER

4